IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM V. STICKLE,

      Plaintiff,                     No. 2:12-cv-1397 KJM EFB P

  vs.

R. COOK, et al.,

      Defendants.            <u>ORDER</u>

                                       /

      Plaintiff is a state prisoner proceeding without counsel. Plaintiff commenced this action in the Amador County Superior Court and defendant Wohlers removed this action to federal court on May 23, 2012.[1] Defendant Wohlers requests that the court screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

---

[1] In addition to defendant Wohlers, the complaint names Cook and Williams as defendants. The case file shows that defendant Cook was served on May 29, 2012. Dckt. No. 9. The case file does not show whether defendant Williams has been served.

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The complaint names Cook, Williams and Wohlers as defendants. Liberally construed, the complaint states cognizable claims that defendants responded to the post-surgical wound on plaintiff's hip with deliberate indifference in violation of the Eighth Amendment.

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient at least to state a cognizable Eighth Amendment claim against defendants Cook, Williams and Wohlers. *See* 28 U.S.C. § 1915A.

2. If plaintiff wishes to have the United States Marshal serve the complaint on defendant Williams he must file a request for leave to proceed in forma pauperis within 30 days from the date of this order. If plaintiff does not file such a request, or if the court denies any such request, plaintiff will be directed to proceed with service without the assistance of the United States Marshal.

3. The Clerk of the Court is directed to mail to plaintiff a form application for leave to proceed in forma pauperis.

Dated: August 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3